(38 South. 590.)

No. 14,906.

In re PETTIS.

(April 11, 1905. On Second Motion to Dismiss, May 8, 1905.)

APPEAL—DISMISSAL—SETTLEMENT — EVIDENCE
—ACTION BY CORPORATION.

On Motion to Dismiss.

1. Where an appellee, suggesting that a compromise has been effected, moves to dismiss a pending appeal, and an issue of fact is raised, which requires the taking of testimony, the motion may be held for subsequent action, and, where such a course seems preferable, the parties relegated to the district court, there to litigate in a proper proceeding the matter in dispute.

On Second Motion to Dismiss.

2. The defendant corporation loosely kept minutes of its board of trustees. The officers

evidently forgot the rules laid down in their charter.

3. The motion to dismiss shows irregular attempts to prove that the corporation entered into a compromise with the plaintiff, who sues for possession.

4. The former president of the company, it appears, has in some way been ousted. As he was the plaintiff in the action, he no longer has authority to represent the corporation.

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; John St. Paul, Judge.

In the matter of the application of Elva Pettis for possession. From the judgment the Mt. Calvary Colored Methodist Episcopal Church of America appeals. Dismissed.

John Wagner and Benjamin Rice Forman, for appellant. Theodore Cotonio, for appellee.

### On Motion to Dismiss.

MONROE, J. This case being fixed for argument, counsel for the plaintiff and appellee suggests that it has been compromised since the appeal, tenders certain documentary evidence in support of the suggestion, and moves that the appeal be dismissed. Counsel for the church appellant denies that in the alleged compromise his client was represented by competent authority. A question of fact, and perhaps of law, is thus presented, which we think it preferable that the district court should hear and determine. The motion to dismiss the appeal is therefore held for subsequent action, and it is ordered, adjudged, and decreed that the parties litigant be relegated to the court a qua, there to litigate in a proper proceeding the question of the alleged fact and effect of the compromise set up in said motion.

### On Second Motion to Dismiss.

BREAUX, C. J. On motion the first case was remanded in order to enable appellee to prove that a compromise had been made between the parties.

Evidence was taken, and the appeal again came to this court. Since the return of the appeal to this court, another motion to dismiss the appeal has been filed, based upon subsequent and recent action of the asserted board of trustees of the Mt. Calvary Methodist Episcopal Church. We will here state that appellant Hendren objected to the first motion made to dismiss the appeal on the ground, as stated in writing before us, that the compromise made the basis of the motion to dismiss was not entered into by a lawful quorum of the board of trustees, and that the asserted officer had signed it without authority; that the president, Charles T. Hendren, had no notice or knowledge of any such action or meeting of the board of trustees.

After the case had been remanded, and opportunity offered to appellee to prove up the compromise appellee alleged, and that the compromise was properly authorized, testimony was taken to prove her allegation.

The pastor of the church before named testified that they (the members of the church) were carrying out the terms of the compromise, and that the church desired to put an end to the litigation. To which objection was raised by appellant Hendren on the ground that the desire of a corporation could only be shown by a resolution of its board of directors, or a meeting of the corporate body itself. The objection was referred to the merits as going to the effect. This pastor had no connection with the church at the date that the supposed compromise was made.

This witness (the pastor in question) then testified that no meeting of the trustees had been held; only the stewards had met and decided that there was to be no more litigation.

When asked if he knew who were the trustees in December, 1903, elected by the quarterly conference, his answer was:

"Those names on the mortgage to Mr. Kernan are trustees."

He also stated that Charles Hendren is "no longer a member of the Calvary Methodist Episcopal Church, according to the discipline of that church, because he had been absent more than a year. His place had been filled on the trustee board and the steward board, and his word is no good any more."

We take up the act to which this witness referred, and do not find the names of the board of trustees.

The copy of the resolution of the board was not in the transcript, owing to somebody's negligence or oversight.

On the 24th of March, 1905, some time subsequent to the asserted compromise, the board of trustees of the Mt. Calvary Colored Methodist Episcopal Church again attempted to take action and ratify what had been done toward putting an end to the litigation.

Those declared present by the secretary were B. W. Porter, B. McVay, Paul Green, A. Washington, E. Hall, Charles Freeman, and Jas. Southern, only elected and duly qualified board. This board, we infer from the minutes kept by its secretary, rather complained of the delay met with in matter of dismissing the appeal. The issue having been tendered, and it being expected that this board would prove its authority after having taken note of the names above mentioned, we turned to the charter, and found that they are new names, except a number of names of the said board, less than a quorum. The authority for the use of new names necessary to a quorum was not shown. It therefore has every appearance of a self-constituted majority. It does not appear that a quorum of the old members held over. The charter provides that the "board of trustees are to be elected viva voce by the quarterly conference." No such election appears to have ever been held.

The self-constituted board of trustees does not place a modest estimate on their resolution, which they evidently think should be held sufficient.

"What is a charter, after all, in the presence of a self-constituted majority?" is evidently the impression of this self-constituted board. We will say nothing of the importance of members of a church adhering to their own written, organic law. Irregularly enough, these issues come up on the motion to dismiss. In this connection, also, it appears that appellant Hendren, who still assumes to represent the corporation, is no longer a member. He is a wandering character, it seems, always absent. None the less, he expects notification at every turn. He complains that he was not notified when the asserted compromise was made; that he was not notified as a tax debtor.

Not being a member of the board, he has no authority to stand in judgment.

In addition, we assume that this board has some sort of authority. The papers have been irregularly kept, a number destroyed by fire, and, in view of the confused condition, we have determined to dismiss the appeal.

If they wish to carry out the compromise and pay for the property without further litigation, it is their concern.

Let the appeal be dismissed.